UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARLO WASHINGTON**                                                                                  **APPLICANT**

v.                                             No. 4:26CV00083

**NATIONAL CREDIT UNION**                                                       **RESPONDENT**
**ADMINISTRATION BOARD**

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Arlo Washington is the founder and former Chief Executive Officer ("CEO") of People Trust Community Federal Credit Union ("PTCFCU"). *See* Application for Relief from Conservatorship ("Application"), Doc. No. 1, at 1. In that capacity, and as a member of the credit union, Washington filed his Application seeking relief from an Order of Conservatorship issued by the National Credit Union Administration Board ("NCUAB") on January 14, 2026. *Id.* As founder, former CEO, and a member of the credit union, Washington lacks standing to apply to this Court for relief, so this Court lacks subject matter jurisdiction and the application must be dismissed. *See* 12 U.S.C. § 1786(h)(3); *In re United Independent Federal Credit Union*, 768 F. Supp. 42, 45 (E.D.N.Y. 1991). Even if the Court finds that subject matter jurisdiction exists, Washington's application itself demonstrates that the NCUAB's placement of PTCFCU into conservatorship was within its statutory authority, and that the NCUAB did not act arbitrarily or capriciously, so the application must be denied. *See Bingham v. National Credit Union Administration Board*, 927 F.2d 282, 284 (6th Cir. 1991).

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims for lack of subject matter jurisdiction. Before reaching the merits, a court must determine whether jurisdiction exists, including a determination of whether a plaintiff has standing. *Ashley v. United States Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005). The party seeking to invoke federal jurisdiction has the duty to establish that such jurisdiction is proper. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). When a court lacks jurisdiction, it must dismiss the proceeding. Fed. R. Civ. P. 12(b)(1).

Washington filed his application challenging the conservatorship pursuant to 12 U.S.C. § 1786(h)(3). The statute provides:

> Not later than ten days after the date on which the [NCUA] Board takes possession and control of the business and assets of an insured credit union pursuant to paragraph (1), such insured credit union may apply to the United States district court for the judicial district in which the principal officer of such insured credit union is located . . . for an order requiring the Board to show cause why it should not be enjoined from continuing such possession and control.

12 U.S.C. § 1786(h)(3). "The statute solely confers standing to the Credit Union to challenge the NCUAB's Order of Conservatorship, and explicitly limits the Court's jurisdiction to an application by the Credit Union." *In re United Independent Federal Credit Union*, 768 F. Supp. at 45; *see also Heller v. CACL Federal Credit Union*, 775 F. Supp. 839, 842 (E.D. Pa. 1991)(declining to recognize a private right of action for a citizen when the statute provides that a challenge to a cease and desist order by the NCUA can only be brought by a credit union). That the credit union itself is the only party with statutory standing to challenge the NCUAB's action aligns with the history and structure of credit unions, which are non-profit, member-owned financial institutions run by a board

of directors (who are typically elected from the credit union membership). As a collectively run institution, no single individual dictates its actions. A credit union may only institute a challenge to the NCUAB pursuant to a valid board of directors' resolution.[1] Since Washington filed his application as a member of the credit union, but not as the credit union itself, he lacks standing to apply for relief under 12 U.S.C. § 1786(h)(3) and his application must be dismissed for lack of subject matter jurisdiction.

Even if this Court had subject matter jurisdiction over this application, which it does not, the application itself supports the order of conservatorship. The relevant statute provides:

> The [NCUA] Board may, *ex parte* without notice, appoint itself or another . . . as conservator and immediately take possession and control of the business and assets of any insured credit union in any case in which . . . the Board determines that such action is necessary to conserve the assets of any insured credit union or to protect the Fund or the interests of the members of such insured credit union . . . .

12 U.S.C. § 1786(h)(1)(A). A majority of circuits have held that the standard of review for the imposition of a federal conservatorship is whether the decision was arbitrary and capricious, although the Sixth Circuit in *Bingham* observed that the "'sole inquiry on judicial review is whether a statutory ground existed for the . . .appointment of a conservator . . . .'" *Vensure Fed. Credit Union v. National Credit Union Administration*, 798 F. Supp. 2d 1, 4 & n.3 (D.D.C. 2011) (quoting *Bingham*, 927 F.2d at 286). When a credit union suffers substantial financial losses over several years, a decision by the

---

[1] In credit union liquidation actions, analogous to the conservatorship imposed here, 12 C.F.R. § 709.3 expressly states that only the board of directors of the credit union has standing to challenge the NCUAB's action and only "pursuant to a valid board of directors resolution."

3

NCUAB to issue an order of conservatorship to protect the share insurance fund and the interests of the credit union members is grounded in the statute and is not arbitrary and capricious. *See Bingham*, 927 F.2d at 284-85. According to Washington's application, PTCFCU's net worth ratio declined from 7.06% as of June 30, 2025 to 3.12% by August 31, 2025. *See* Application, Doc. No. 1, at 6. Based on this rapidly declining net worth, exacerbated by unrecognized costs and liabilities and significant Truth in Lending Act violations, the NCUAB issued the Order of Conservatorship to conserve PTCFCU assets, protect the interest of its members, and to protect the National Credit Union Share Insurance Fund pursuant to 12 U.S.C. § 1786(h)(1)(A). A statutory ground existed for the NCUAB's order of conservatorship, and the NCUAB did not act arbitrarily or capriciously, so there is no basis to enjoin the conservatorship.

Washington's assertion that the lack of notice or hearing violates the Fifth Amendment also lacks merit. *See In re Conservatorship of CEDC Federal Credit Union*, 104 F.3d 351, *2 (2d Cir. 1996). "The Supreme Court has held that no predeprivation notice or hearing is necessary 'in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event.'" *Id.* (quoting *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993)). The appointment of a conservator without prior notice is justified because of the government's interest in protecting bank depositors and the public from unsound practices. *See Fahey v. Mallonee*, 332 U.S. 245, 253-54 (1947). Just as the government has an interest in protecting the treasury from unnecessary insurance claims by depositors resulting from bank failures, the

4

same rationale applies to the protection of federal credit unions. *CEDC Federal Credit Union*, 104 F.3d at *2. Therefore, the order of conservatorship did not violate due process.

Washington's application should be dismissed for lack of subject matter jurisdiction. Moreover, his application itself demonstrates that the NCUAB had a statutory basis for its action in ordering the conservatorship, that the NCUAB did not act arbitrarily and capriciously, and that the NCUAB did not violate due process in the order of conservatorship.

        Respectfully submitted,

        JONATHAN D. ROSS
        United States Attorney
        Eastern District of Arkansas

        _____
        Jamie Goss Dempsey
        Ark. Bar No. 2007239
        Assistant U. S. Attorney
        425 W. Capitol Ave., Suite 500
        Little Rock, Arkansas 72201
        Tel.   (501) 340-2600
        jamie.dempsey@usdoj.gov

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the Court *via* CM/ECF and a copy was sent *via* U.S. Mail on this 19th day of February, 2026, to the following:

Arlo Washington
5300 W. 65th Street
Little Rock, AR 72209

                                                                                                                _____
                                                                                                                Jamie Goss Dempsey
                                                                                                                Assistant U.S. Attorney