IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 0 2026

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

**ARLO WASHINGTON**           **PLAINTIFF**

v.                CASE NO. 4:26CV00083

**NATIONAL CREDIT UNION ADMINISTRATION BOARD     DEFENDANT**

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

This action seeks judicial review of the decision by the National Credit Union Administration ("NCUA") to place People Trust Community Federal Credit Union ("PTCFCU") into conservatorship on January 16, 2026.

Plaintiff Arlo Washington served as Chief Executive Officer of PTCFCU and acted as the primary liaison between the credit union and the NCUA concerning regulatory compliance and supervisory communications.

Plaintiff alleges that the conservatorship decision occurred despite the timely submission of a Revised Business Plan required by the NCUA.

Plaintiff further alleges that communications submitted outside the established management communication process may have influenced the agency's understanding of the credit union's compliance posture.

Plaintiff seeks judicial review pursuant to the Administrative Procedure Act and the Federal Credit Union Act to determine whether the conservatorship decision was arbitrary, capricious, contrary to law, or otherwise procedurally defective.

## II. RIGHT TO AMEND AS A MATTER OF COURSE

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff files this First Amended Complaint within twenty-one (21) days after service of Defendant's Motion to Dismiss.

Defendant filed its Motion to Dismiss on or about February 19, 2026.

Under established precedent within the United States Court of Appeals for the Eighth Circuit, an amended complaint supersedes the original complaint and renders motions directed at the earlier pleading moot.

See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000).

Accordingly, this First Amended Complaint supersedes Plaintiff's original complaint.

### III. JURISDICTION AND VENUE

This action arises under the laws of the United States and involves actions taken by a federal regulatory agency, the National Credit Union Administration.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the case presents questions of federal law.

This Court also has jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 et seq.

Venue is proper in the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within this district.

### IV. STATUTORY FRAMEWORK

The authority of the NCUA to appoint itself conservator of a federally insured credit union arises under the Federal Credit Union Act, 12 U.S.C. § 1786(h).

Conservatorship is an extraordinary regulatory remedy intended to preserve assets and protect the interests of credit union members.

Agency actions taken pursuant to the Federal Credit Union Act remain subject to judicial review where the agency acts arbitrarily, capriciously, or exceeds its statutory authority.

### V. FACTUAL BACKGROUND

Plaintiff served as Chief Executive Officer of PTCFCU, a federally insured credit union regulated by the NCUA.

As CEO, Plaintiff was responsible for regulatory compliance and served as the primary point of contact with the NCUA.

In late 2025, the NCUA required the credit union to submit a Revised Business Plan within a specified timeframe.

Following discussions between the board of directors and management, it was agreed that Plaintiff would prepare and submit the Revised Business Plan.

Plaintiff prepared and submitted the Revised Business Plan on December 22, 2025.

Plaintiff alleges that the Revised Business Plan was submitted within the timeframe required by the agency.

## VI. EVENTS PRECEDING CONSERVATORSHIP

Plaintiff later learned that on or about December 21, 2025, a meeting of the Board of Directors allegedly occurred without notice to executive management.

Plaintiff and the designated minute keeper were not notified and were not present at that meeting.

As a result, no official management record of that meeting was created through the credit union's normal governance procedures.

Plaintiff further alleges that Board Chair Michael Pridgeon subsequently submitted a request to the NCUA seeking an additional extension regarding the Revised Business Plan.

Plaintiff contends that regulatory communications with the NCUA were historically handled through executive management and that this request was submitted outside the established management communication process.

On or about January 1, 2026, the NCUA granted the extension request.

Less than one month after Plaintiff submitted the Revised Business Plan, the NCUA placed PTCFCU into conservatorship on January 16, 2026.

Plaintiff contends that the timing of these events raises questions regarding whether the Revised Business Plan was fully evaluated before conservatorship was imposed.

## VII. CLAIM FOR RELIEF – ADMINISTRATIVE PROCEDURE ACT

The Administrative Procedure Act authorizes federal courts to review agency action and set aside actions that are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

The decision to place PTCFCU into conservatorship constitutes final agency action subject to judicial review.

Plaintiff alleges that the agency decision may have relied upon communications submitted outside the established management communication process.

Plaintiff contends that such reliance undermined the regulatory review process.

Plaintiff therefore seeks judicial review of the conservatorship decision.

## VIII. CLAIM FOR RELIEF – ULTRA VIRES AGENCY ACTION

Federal agencies possess only the authority granted to them by Congress.

Agency actions that exceed statutory authority are considered ultra vires.

Plaintiff alleges that the conservatorship decision exceeded the lawful authority granted to the NCUA under the Federal Credit Union Act.

### IX. REQUEST FOR PRODUCTION OF ADMINISTRATIVE RECORD

Judicial review of agency action is typically based upon the administrative record before the agency.

Plaintiff requests production of the complete administrative record relied upon by the NCUA in making its conservatorship decision.

The administrative record should include examiner reports, communications, memoranda, recordings, and documents relating to the Revised Business Plan and related supervisory matters.

### X. STANDING

Defendant has asserted that Plaintiff lacks standing because Plaintiff was not a member of the Board of Directors.

Plaintiff alleges that the conservatorship displaced the governing authority of the credit union, including the Board of Directors.

Plaintiff served as CEO and was directly responsible for regulatory communications with the NCUA.

Plaintiff further alleges that the conservatorship directly affected Plaintiff's professional role and reputation associated with the institution.

Plaintiff's work developing community-based financial services through PTCFCU was publicly documented in the documentary film "The Barber of Little Rock," which was nominated for an Academy Award at the 96th Academy Awards.

Plaintiff therefore seeks judicial review to ensure the agency's actions complied with federal law.

### XI. EQUITABLE TOLLING

Plaintiff alleges that certain facts underlying these claims were not immediately known and were discovered after the filing of the original complaint.

Plaintiff therefore asserts that equitable tolling should apply.

### XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the conservatorship imposed on January 16, 2026 is subject to judicial review;

B. Hold unlawful and set aside the conservatorship decision as arbitrary, capricious, and contrary to law;

C. Order Defendant to produce the complete administrative record relied upon in making the conservatorship decision;

D. Order production of communications relating to the Revised Business Plan and extension requests;

E. Order preservation of all documents, communications, and electronic records related to the conservatorship decision; and

Respectfully submitted,

Arlo Washington

*Arlo Wash* (signature)

5 TALAIS DR. LR. ARKANSAS 72223

Plaintiff, Pro Se

Dated: 3/10/___, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10 day of MARCH, 2026, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served upon counsel for Defendant by electronic filing through the Court's CM/ECF system and/or United States Mail.

*Arlo Washington*
Arlo Washington
5 TALAIS DR, LR, ARKANSAS 72223

Plaintiff, Pro Se