**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ARLO WASHINGTON**                                                              **APPLICANT**

**v.**                                         **No. 4:26CV00083**

**NATIONAL CREDIT UNION**                                    **RESPONDENT**
**ADMINISTRATION BOARD**

<u>**BRIEF IN SUPPORT OF MOTION**</u>
<u>**TO DISMISS FIRST AMENDED COMPLAINT**</u>

On March 10, 2026, Arlo Washington filed his first amended complaint in this action, seeking judicial review of the placement of the People Trust Community Federal Credit Union ("PTCFCU") into conservatorship by the National Credit Union Administration Board ("NCUAB"). *See* First Amended Complaint, Doc. No. 8, at 1. However, as founder, former CEO, and a member of the credit union, Washington lacks standing to apply to this Court for relief, so this Court lacks subject matter jurisdiction and the amended complaint must be dismissed. *See* 12 U.S.C. § 1786(h)(3); *In re United Independent Federal Credit Union*, 768 F. Supp. 42, 45 (E.D.N.Y. 1991). Even if the Court finds that subject matter jurisdiction exists, the NCUAB's placement of PTCFCU into conservatorship was within its statutory authority, and the NCUAB did not act arbitrarily or capriciously, so the application must be denied. *See Bingham v. National Credit Union Administration Board*, 927 F.2d 282, 284 (6th Cir. 1991).

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims for lack of subject matter jurisdiction. Before reaching the merits, a court must determine whether jurisdiction exists, including a determination of whether a plaintiff has standing.

*Ashley v. United States Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005). The party seeking to invoke federal jurisdiction has the duty to establish that such jurisdiction is proper. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). When a court lacks jurisdiction, it must dismiss the proceeding. Fed. R. Civ. P. 12(b)(1).

> Under 12 U.S.C. § 1786(h)(3):

> Not later than ten days after the date on which the [NCUA] Board takes possession and control of the business and assets of an insured credit union pursuant to paragraph (1), such insured credit union may apply to the United States district court for the judicial district in which the principal officer of such insured credit union is located . . . for an order requiring the Board to show cause why it should not be enjoined from continuing such possession and control. Except as provided in this paragraph, no court may take any action, except at the request of the Board by regulation or order, to restrain or affect the exercise of powers or functions of the Board as a conservator.

12 U.S.C. § 1786(h)(3). "The statute solely confers standing to the Credit Union to challenge the NCUAB's Order of Conservatorship, and explicitly limits the Court's jurisdiction to an application by the Credit Union." *In re United Independent Federal Credit Union*, 768 F. Supp. at 45; *see also Heller v. CACL Federal Credit Union*, 775 F. Supp. 839, 842 (E.D. Pa. 1991)(declining to recognize a private right of action for a citizen when the statute provides that a challenge to a cease and desist order by the NCUA can only be brought by a credit union). That the credit union itself is the only party with statutory standing to challenge the NCUAB's action aligns with the history and structure of credit unions, which are non-profit, member-owned financial institutions run by a board of directors (who are typically elected from the credit union membership). As a collectively run institution, no single individual dictates its actions. A credit union may only institute a

challenge to the NCUAB pursuant to a valid board of directors' resolution.[1] Since Washington filed his amended complaint as former CEO and "primary liaison", but not as the credit union itself, he lacks standing to apply for relief under 12 U.S.C. § 1786(h)(3) and his amended complaint must be dismissed for lack of subject matter jurisdiction.

Even if this Court had subject matter jurisdiction over Washington's amended complaint, which it does not, the facts support the order of conservatorship. The relevant statute provides:

> The [NCUA] Board may, *ex parte* without notice, appoint itself or another . . . as conservator and immediately take possession and control of the business and assets of any insured credit union in any case in which . . . the Board determines that such action is necessary to conserve the assets of any insured credit union or to protect the Fund or the interests of the members of such insured credit union . . . .

12 U.S.C. § 1786(h)(1)(A). A majority of circuits have held that the standard of review for the imposition of a federal conservatorship is whether the decision was arbitrary and capricious, although the Sixth Circuit in *Bingham* observed that the "'sole inquiry on judicial review is whether a statutory ground existed for the . . .appointment of a conservator . . . .'" *Vensure Fed. Credit Union v. National Credit Union Administration*, 798 F. Supp. 2d 1, 4 & n.3 (D.D.C. 2011) (quoting *Bingham*, 927 F.2d at 286). When a credit union suffers substantial financial losses over several years, a decision by the NCUAB to issue an order of conservatorship to protect the share insurance fund and the interests of the credit union members is grounded in the statute and is not arbitrary and

---

[1] In credit union liquidation actions, analogous to the conservatorship imposed here, 12 C.F.R. § 709.3 expressly states that only the board of directors of the credit union has standing to challenge the NCUAB's action and only "pursuant to a valid board of directors resolution."

capricious. *See Bingham*, 927 F.2d at 284-85. PTCFCU's net worth ratio declined from 7.06% as of June 30, 2025 to 3.12% by August 31, 2025. *See* Application, Doc. No. 1, at 6; Brief in Support of Motion to Dismiss, Doc. No. 6, at 4. Based on this rapidly declining net worth, exacerbated by unrecognized costs and liabilities and significant Truth in Lending Act violations, the NCUAB issued the Order of Conservatorship to conserve PTCFCU assets, protect the interest of its members, and to protect the National Credit Union Share Insurance Fund pursuant to 12 U.S.C. § 1786(h)(1)(A).

In his amended complaint, Washington asserts that he submitted a Revised Business Plan in December 2025, but that the conservatorship decision was made in January 2026 despite that submission. *See* Am. Compl., Doc. No. 8, at 1. He also asserts that certain meetings of the Board were held without notice to "executive management," that communications with the NCUAB were historically handled through "executive management," and that PTCFU Board Chair submitted an extension request outside the typical communication process. *See id.* at 3. Even if these allegations are true, the facts remain that PTFCU faced rapidly declining net worth, which was exacerbated by unrecognized costs and liabilities and significant Truth in Lending Act violations, so the NCUAB issued the Order of Conservatorship to conserve PTCFCU assets, protect the interest of its members, and to protect the National Credit Union Share Insurance Fund pursuant to 12 U.S.C. § 1786(h)(1)(A). Because a statutory ground existed for the NCUAB's order of conservatorship, the NCUAB did not act arbitrarily or capriciously, so Washington cannot state a claim for relief to enjoin the conservatorship.

Washington also seeks relief based on alleged ultra vires action by the NCUAB; however, he points to no factual basis for this conclusory allegation, so he cannot state a claim for which relief can be granted and such a claim must be dismissed. Because this Court lacks subject matter jurisdiction and Washington fails to state a claim for which relief can be granted, there is no need for the production of an administrative record in this case.

Washington's amended complaint should be dismissed for lack of subject matter jurisdiction. Moreover, the pleadings in this action demonstrate that the NCUAB had a statutory basis for its action in ordering the conservatorship, and that the NCUAB did not act arbitrarily and capriciously, so Washington's amended complaint fails to state a claim for which relief can be granted.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
425 W. Capitol Ave., Suite 500
Little Rock, Arkansas 72201
Tel.   (501) 340-2600
jamie.dempsey@usdoj.gov

5

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the

Court *via* CM/ECF and a copy was sent *via* U.S. Mail on this 20th day of March, 2026, to

the following:

Arlo Washington
5 Talais Drive
Little Rock, AR 72223

_____
Jamie Goss Dempsey
Assistant U.S. Attorney

6