

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 3 0 2026

TAMMY H. DOWNS, CLERK
By:
DEP CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF ARKANSAS**

**CENTRAL DIVISION**

ARLO WASHINGTON,
Petitioner,

v.

NATIONAL CREDIT UNION ADMINISTRATION BOARD,
Respondent.

Case No. 4:26-cv-00083-BSM

**PETITIONER'S CONSOLIDATED RESPONSE IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

## I. INTRODUCTION

Respondent asks this Court to adopt a rule that would allow a federal agency to seize control of a financial institution, remove its leadership, and then argue that no party remains with the legal authority to challenge that action. The Constitution does not permit such a result.

The National Credit Union Administration Board ("NCUA") relies on 12 U.S.C. § 1786(h)(3), asserting that only the credit union may bring suit. However, the NCUA's own actions—immediate removal of the board and management—rendered the credit union incapable of acting, creating a jurisdictional vacuum that forecloses judicial review.

## II. FACTUAL BACKGROUND

On January 16, 2026, Respondent placed People Trust Community Federal Credit Union ("PTCFCU") into conservatorship.

At that time, PTCFCU maintained a net worth ratio of approximately 3.12% and had submitted a Revised Business Plan in December 2025 addressing regulatory concerns.

Following conservatorship, members experienced disruption of financial services, and governance of the institution was immediately removed.

## III. ARGUMENT

### A. Standing Exists Where Agency Action Eliminates All Avenues of Review

NCUA removed the board and assumed control, preventing institutional action. This creates a circular result: only the credit union may sue, but it cannot act. Courts must avoid interpretations that eliminate judicial review.

### B. Respondent's Authorities Are Distinguishable

Respondent relies on precedent requiring board action. Those cases assume a functioning board. Here, the board was removed immediately. Respondent cannot rely on precedent requiring governance it eliminated.

### C. The Conservatorship Contravenes the Prompt Corrective Action Framework

At 3.12%, PTCFCU was not critically undercapitalized. Under 12 U.S.C. § 1790d, Congress established a graduated corrective framework requiring remediation before extreme measures.

Petitioner submitted a Revised Business Plan, yet there is no indication that NCUA meaningfully evaluated or allowed implementation of corrective measures.

### D. The Decision Was Arbitrary and Capricious

An agency must consider relevant evidence and alternatives. The timeline indicates predetermination, and financial decline alone does not justify conservatorship without reasoned analysis.

**E. TILA Allegations Are Impermissible Post-Hoc Rationalizations**

Respondent asserts TILA violations that were not previously cited. Agency action must be judged based on contemporaneous reasoning, not post-hoc justifications.

**F. Due Process Violations Require Judicial Review**

The Fifth Amendment prohibits deprivation without due process. Immediate seizure without meaningful process and lack of viable remedy raise substantial constitutional concerns.

**G. The Administrative Record Must Be Produced**

Judicial review requires the administrative record. Without it, the Court cannot assess whether Respondent's actions were lawful.

## IV. RELIEF REQUESTED

Petitioner respectfully requests that the Court deny Respondent's Motion to Dismiss, order production of the administrative record, permit this matter to proceed on the merits, and grant such other relief as the Court deems just and proper.

## V. CONCLUSION

Respondent's Motion to Dismiss should be denied. Petitioner has established standing and raised substantial legal and constitutional issues requiring judicial review.

Respectfully submitted,

Arlo Washington, Pro Se
5 Talais Drive
Little Rock, Arkansas 72223

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served

on all parties of record via the Court's CM/ECF system or by other authorized means.


Dated: March 30, 2026

Arlo Washington
5 Talais Drive
Little Rock, Arkansas 72223