# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ARLO WASHINGTON**                                           **PLAINTIFF**
**Founder and former CEO of People**
**Trust Community Federal Credit Union**

**v.**                          **CASE NO. 4:26-CV-00083-BSM**

**NATIONAL CREDIT UNION**
**ADMINISTRATION BOARD**                                     **DEFENDANT**

## ORDER

Arlo Washington's motion for a temporary restraining order [Doc. No. 12] is denied.

## I.  BACKGROUND

The National Credit Union Administration (NCUA) is a federal agency that charters and regulates federal credit unions.  The NCUA took control of the operations of the People Trust Community Federal Credit Union (Credit Union) when it was placed in conservatorship.  *See* Amended Application at 1, Doc. No. 8.  Arlo Washington, the founder, member, and former CEO of the Credit Union, is suing to lift the conservatorship and is seeking a Temporary Restraining Order to stop the NCUA from liquidating the Credit Union while his lawsuit is pending.  Doc. Nos. 8 and 12.  Washington asserts that, if the credit union is liquidated, his claims for relief from conservatorship would be rendered moot.  Doc. Nos. 12–14.  Washington also argues that  many people would be deprived of essential financial services without the credit union.  *Id.*

## II.  LEGAL STANDARD

A party seeking a TRO must prove that: (1) it will suffer irreparable harm if the

injunction is denied; (2) the harm to the movant, if the injunction is denied, outweighs the harm to the non-movant if the injunction is granted; (3) there is a likelihood of success on the merits; and (4) an injunction is in the public's interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987); *Turney v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (requests for TROs and preliminary injunctions are evaluated under the same standard).

## III.  DISCUSSION

While sympathetic to Washington's position, his motion is denied because he has not shown a threat he will be irreparably harmed if the Credit Union is liquidated. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (relief will be denied if irreparable harm is not shown). This is true because the Credit Union is a entity separate from Washington; his status as founder and member do not grant him a sufficient interest to establish that he will *personally* suffer harm from the liquidation. *Dataphase*, 640 F.2d at 114 (relevant "threat of irreparable [is] *to the movant*"). The potential effect liquidation could have on his pending application for relief does not change this analysis. Likewise, Washington's discussion of imminent harm to the Credit Union's account holders is not convincing because he may not seek relief for other individuals under these circumstances. *See* Fed. R. Civ. P. 65(b)(1)(A) (TRO is appropriate if "immediate and irreparable injury, loss, or damage will result *to the movant . . .*"); *Shumate v. Benton Cnty., Arkansas*, No. 5:25-CV-05257-TLB-CDC, 2026 WL 202181, at *1 (W.D. Ark. Jan. 5, 2026) (denying request for TRO when plaintiff sought protection for individuals other than himself). Finally, Washington argues imminent harm

2

is present because during the conservatorship, "financial instruments bearing [his] name and/or signature" were executed without his authorization. Doc. No. 15. The problem with this argument is that, even if this is true, Washington fails to show how this alleged harm would be remedied by enjoining the liquidation of the Credit Union.

Given the lack of irreparable harm to Washington, there is no need to address the remaining requirements. *See Adam Mellan v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (failure to show irreparable harm is sufficient basis to deny preliminary injunction); *Dataphase Systems, Inc.*, 640 F.2d at 113 ("The likelihood that plaintiff will ultimately prevail is meaningless in isolation.").

## IV.  CONCLUSION

For these reasons, Washington's motion for a TRO is denied.

IT IS SO ORDERED this 3rd day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE