FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 7 2026

TAMMY H. DOWNS, CLERK

By_____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ARLO WASHINGTON                                          APPLICANT

v.                        No. 4:26CV00083

NATIONAL CREDIT UNION                    RESPONDENT
ADMINISTRATION BOARD,

## EMERGENCY MOTION OF RICHARD J. WASHINGTON, ESQ. FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PETITIONER, AND FOR WAIVER OF LOCAL COUNSEL REQUIREMENT

Richard J. Washington, Esq., an attorney duly admitted to practice before the courts of the State of New York, the United States District Courts for the Eastern and Southern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court, respectfully moves this Court

for leave to file the attached brief, which is submitted herewith, as amicus curiae in support of Petitioner Arlo Washington. In support thereof, movant states as follows:

### I.     INTEREST OF AMICUS CURIAE

Movant Richard J. Washington is a New York-based attorney with approximately twenty (20) years of experience in labor and employment law, civil rights litigation, and administrative proceedings. He is also the biological brother of

Petitioner Arlo Washington. Movant acknowledges that family relationship at the outset and wishes to be transparent with the Court about it. Notwithstanding that relationship, movant submits this brief in his capacity as an attorney who has identified legal issues that have not been fully developed in the pro se briefing and that he believes warrant the Court's careful attention.

Beyond his personal connection to the Petitioner, movant has an independent professional interest in the questions this case presents. The model that Arlo Washington pioneered, providing banking and financial services to low-income and underserved communities through a community development credit union, has drawn nationwide attention. It was the subject of a documentary film nominated for an Academy Award at the 96th Academy Awards. The question of how federal banking regulators treat institutions that serve underbanked populations is one of broad public concern, and it is a question that does not turn on any individual's family ties.

Movant has no financial interest in the outcome of this litigation. He submits this brief because he believes the standing question has not been accurately or fully articulated in the *pro se* briefing, through no fault of the Petitioner, and because the legal and constitutional issues presented are significant enough to warrant independent analysis.

## II.    THE COURT SHOULD PERMIT THIS LATE FILING

This Court's standing order on amicus briefs requires submission no later than three days after the filing of the principal brief by the party the amicus supports. See Doc. No. 2. Petitioner filed his opposition to Respondent's Second Motion to Dismiss on March 30, 2026. Movant acknowledges that this motion is being filed after that deadline and asks the Court to accept it in the exercise of its discretion.

Movant is a New York attorney who is not admitted to practice in the Eastern District of Arkansas. Upon learning of Petitioner's case and reviewing the filings, movant explored the possibility of seeking *pro hac vice* admission so that he could participate in a more formal capacity. That effort was unsuccessful because movant was unable to identify and retain local Arkansas counsel within the time available.

Movant then identified this Court's standing order expressly welcoming amicus participation, Doc. No. 2, and moved as promptly as practicable to prepare and submit this filing. The brief does not repeat arguments already made by Petitioner. It develops constitutional and statutory arguments that the pro se briefing was not able to fully articulate. The Government retains the right under Doc. No. 2 to respond in writing and at oral argument, and will suffer no prejudice from the brief's consideration.

Given this Court's expressed view in Doc. No. 2 that amicus briefing can have "considerably more impact at the district court level" than at the appellate level, and

given the serious questions presented, movant respectfully submits that accepting this brief serves the interests of justice and the Court's own stated interest in receiving thorough analysis of contested legal questions.

### III.    WAIVER OF LOCAL COUNSEL REQUIREMENT

Local Rule 83.5(d) permits an attorney admitted in any United States District Court to appear pro hac vice in a particular case, subject to the designation of local Arkansas counsel. The Rule further provides that the Court may, upon written motion, waive the local counsel requirement and permit non-enrolled counsel to proceed for the limited purposes of the pending litigation.

Movant respectfully requests such a waiver. He does not seek to appear as counsel of record for Petitioner. He appears solely as amicus curiae, offering independent analysis on questions of federal banking law and constitutional standing. Because no attorney-client relationship with Petitioner is created by an amicus submission, the principal rationale for requiring local counsel designation does not apply with equal force to this filing. Movant affirms his familiarity with and submission to the Local Rules of this Court and its disciplinary jurisdiction.

### IV.    THE BRIEF PRESENTS ANALYSIS NOT FULLY DEVELOPED IN THE PARTY BRIEFING

This Court has observed that amicus briefing is most valuable where the parties have not had the resources to provide full analysis of contested statutory or

constitutional questions. That circumstance is present here. Petitioner is proceeding *pro se*. The attached brief expands upon, but does not simply repeat, the arguments made in Petitioner's opposition. Specifically, the brief addresses four issues.

First, the brief addresses the constitutional dimension of the standing question. Respondent's argument rests on 12 U.S.C. § 1786(h)(3), which it reads to confer standing exclusively on the credit union acting through a board resolution. The brief explains why that statutory argument does not resolve the constitutional question, and why Petitioner has a cognizable personal injury under the Constitution that exists independently of the statutory framework. This argument was not fully developed in the *pro se* briefing and is, in movant's view, Petitioner's strongest path forward on the jurisdictional issue.

Second, the brief addresses the significance of Respondent's own reliance on the decision in *Bingham v. National Credit Union Administration Board*. That decision cuts against the Government in two respects that the *pro se* opposition did not fully develop; it undermines the Government's standing argument, and it raises genuine uncertainty about the applicable standard of review.

Third, the brief addresses the Prompt Corrective Action framework established by 12 U.S.C. § 1790d. Congress created a graduated, step-by-step remedial process that the NCUA is required to follow before imposing conservatorship. The brief explains how that framework applies to the capitalization

ratio People Trust carried at the time of the conservatorship order, and why the record raises substantial questions about whether the NCUA followed the statutory sequence before acting.

Fourth, the brief addresses the impropriety of the Truth in Lending Act allegations that Respondent raised for the first time in its motion to dismiss. Those allegations were not identified in the original Order of Conservatorship. Under well-established administrative law principles, an agency's action must be judged by the reasons it gave at the time it acted, not by justifications developed later in litigation. The brief explains why this principle requires production of the administrative record before any ruling on the merits.

## V.   CONCLUSION

For the foregoing reasons, movant Richard J. Washington, Esq. respectfully requests that the Court grant leave to file the attached brief as amicus curiae, accept the brief as timely under the circumstances presented, and waive the local counsel designation requirement of Local Rule 83.5(d) for the limited purpose of this amicus submission.

Dated:   April 7, 2026
         New York, NY


Respectfully submitted,

*Richard J. WAshington*
Richard J. Washington, Esq.
Bar No. RW4793
The Law Offices of
Richard J. Washington, P.C.
100 Church Street, Suite 800
New York, New York 10007
(646) 845-7445
Richard@washington-at-law.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2026, a true and correct copy of the foregoing Motion for Leave to File Brief as Amicus Curiae was served upon counsel for Respondent by United States Mail, addressed to:

Jamie Goss Dempsey
Assistant United States Attorney
425 W. Capitol Ave., Suite 500
Little Rock, Arkansas 72201

Richard J. Washington, Esq.