# UNITED STATES DISTRICT COURT

**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PEOPLE TRUST COMMUNITY FEDERAL CREDIT UNION, et al.,**
Plaintiffs,

v.

**NATIONAL CREDIT UNION ADMINISTRATION, et al.,**
Defendants.

Case No.: 4:26-CV-00083

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 3 2026

**TAMMY H. DOWNS, CLERK**
By:_____
DEP CLERK

# PLAINTIFFS' SUPPLEMENTAL AFFIDAVITS AND EVIDENCE IN SUPPORT OF INJUNCTIVE RELIEF

Plaintiffs, by and through the undersigned, respectfully submit the following supplemental affidavits and evidence in support of their request for injunctive relief.

Since the Court's prior ruling, Plaintiffs have gathered additional evidence demonstrating the immediate availability of qualified leadership, a structured and actionable stabilization plan, and ongoing harm to members resulting from continued operational disruptions. This evidence was not fully before the Court at the time of the prior ruling.

The supplemental materials submitted herewith include:

- Declaration of Arlo Washington
- Declaration of Arnell Willis
- Member Declarations
- Exhibit E – Proposed Stabilization and Recovery Plan

These materials collectively demonstrate that viable and immediate alternatives to liquidation exist, and that a controlled stabilization period would allow for restoration of safe and sound operations while protecting the interests of members and the community served.

Plaintiffs respectfully request that the Court consider this supplemental evidence and grant appropriate injunctive relief, or in the alternative, set this matter for expedited hearing.

Respectfully submitted,

**Arlo Washington**
Plaintiff, Pro Se

5 TALAIS DR.
LR. ARKANSAS 72223

# DECLARATION OF ARLO WASHINGTON

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PEOPLE TRUST COMMUNITY FEDERAL CREDIT UNION, et al.,**
Plaintiffs,

v.

**NATIONAL CREDIT UNION ADMINISTRATION, et al.,**
Defendants.

**Case No.: 4:26-CV-00083**

# DECLARATION OF ARLO WASHINGTON

I, Arlo Washington, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my knowledge:

## 1. Background

1. My name is Arlo Washington. I am over the age of eighteen (18) and competent to testify to the matters set forth herein.
2. I am the **former President and Chief Executive Officer** of People Trust Community Federal Credit Union ("People Trust").
3. I served in this role prior to the imposition of conservatorship and have direct, personal knowledge of the Credit Union's operations, financial condition, and member services.
4. I submit this Declaration based on my personal knowledge and in the interest of the Credit Union and its members.

## 2. Conservatorship and Operational Impact

5. On or about January 16, 2026, the National Credit Union Administration ("NCUA") placed People Trust into conservatorship.
6. Since that time, members have experienced significant disruptions in access to basic financial services.

7.  These disruptions have included:
    o   Loss of debit card functionality
    o   Limited or no access to ATM services
    o   Inability to make electronic loan payments
    o   Delays or inaccuracies in account balances and statements
8.  People Trust serves approximately 1,800 members who rely on the Credit Union for essential, day-to-day financial needs.
9.  These disruptions have negatively impacted members' ability to manage their finances and meet financial obligations.

# 3. Readiness to Stabilize Operations

10. People Trust has identified experienced leadership and support ready to assist in stabilization efforts.
11. This includes individuals with extensive experience in banking, credit union operations, governance, and financial oversight.
12. A structured stabilization plan has been developed addressing:

- Staffing and leadership
- Capitalization and liquidity
- Technology and system reliability
- Operational controls and member services

13. These resources are available and prepared to engage immediately upon authorization.

# 4. Capital and Financial Position

14. Multiple near-term funding sources have been identified to support liquidity and capital stability.
15. These include:

- Approved grant funding (CDRLF Grant and Urgent Need Grant)
- Repayment of a $250,000 EQ2 investment from People Trust Community Loan Fund within thirty (30) days
- Potential additional liquidity support through external relationships

16. These sources are expected to support ongoing operations and contribute to maintaining an adequate net worth position.

# 5. Technology and Operational Improvements

17. The prior core processing environment presented operational challenges.
18. A transition to a more stable and efficient core processing environment has been prepared and is ready for implementation.
19. The system can be deployed within approximately thirty (30) days under a controlled and phased approach to ensure data integrity and operational continuity.

# 6. Alternatives to Liquidation

20. Based on my knowledge and experience, People Trust is not beyond recovery and viable alternatives to liquidation exist.
21. With appropriate leadership, financial support, and operational controls, the Credit Union can be stabilized and continue to serve its members in a safe and sound manner.
22. Immediate liquidation would cause unnecessary harm to members and the community served by People Trust.

# 7. Irreparable Harm

23. The ongoing disruption of services has already caused harm to members.
24. Continued deterioration or liquidation would result in further irreparable harm, including:

- Loss of access to financial services
- Disruption of credit relationships
- Negative economic impact on the community

# 8. Purpose of Declaration

25. This Declaration is submitted in support of Plaintiffs' request for injunctive relief and to supplement the record with additional facts not previously before the Court.

# 9. Declaration

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on this** 13 **day of** APRIL , **2026**
in LITTLE Rock, ARKANSAS (City, State)

**Arlo Washington**

# AFFIDAVIT OF ARNELL WILLIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PEOPLE TRUST COMMUNITY FEDERAL CREDIT UNION, et al.,**
Plaintiffs,

v.

**NATIONAL CREDIT UNION ADMINISTRATION, et al.,**
Defendants.

**Case No.: 4:26-CV-00083**

## AFFIDAVIT OF ARNELL WILLIS

I, Arnell Willis, being duly sworn, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my knowledge:

## 1. Background and Experience

1. My name is Arnell Willis. I am over the age of eighteen (18) and competent to testify to the matters set forth herein.
2. I am an experienced professional in the banking and financial services industry with decades of leadership, operational, and governance experience.
3. I am the Founder of Phillips County Self Help Federal Credit Union, which I successfully operated for approximately fifteen (15) years, providing financial services to underserved communities.
4. During my tenure, I maintained a strong focus on safety and soundness, regulatory compliance, and sustainable growth.
5. I have also served in public leadership roles, including appointment by the Governor of Arkansas as Director of the Arkansas Workforce Development Board.

## 2. Involvement with People Trust Community Federal Credit Union

6. I have agreed to work directly with Arlo Washington and People Trust Community Federal Credit Union ("People Trust") to assist in the restructuring of governance and stabilization of operations.
7. My involvement includes advising on:
   o Governance restructuring
   o Financial oversight
   o Operational stabilization
   o Strategic recovery planning
8. I am prepared to assist in implementing corrective actions and a structured recovery plan consistent with regulatory expectations.

## 3. Opinion on Viability and Alternatives to Liquidation

9. Based on my professional experience, it is my opinion that People Trust is not beyond recovery and that viable alternatives to liquidation exist.
10. Community-based, low-income designated credit unions often require:

- Time to stabilize
- Structured oversight
- Strategic leadership support

11. It is my professional opinion that, with appropriate leadership and operational controls, People Trust can be stabilized and continue to operate in a safe and sound manner.
12. Immediate liquidation would prematurely terminate the opportunity to restore the institution and would cause harm to the community it serves, which relies on People Trust for access to essential financial services.

## 4. Commitment to Stabilization

13. I am committed to working with People Trust to:

- Strengthen internal controls
- Improve financial performance
- Restore member services
- Rebuild regulatory confidence

14. I am willing to assist in the implementation of a structured **60–90 day stabilization plan**, if permitted by the Court and applicable regulators.

# 5. Impact on the Community

15. People Trust serves a low-income and underserved population that often lacks access to traditional financial institutions.
16. The disruption of services and potential liquidation would have a direct and harmful impact on:

- Members' access to funds
- Credit availability
- Overall community economic stability

# 6. Purpose of Affidavit

17. This affidavit is submitted in support of Plaintiffs' request for a Temporary Restraining Order (TRO) to allow time for:

- Full evaluation of alternatives to liquidation
- Implementation of a stabilization strategy
- Consideration of the impact on the community served

# 7. Declaration

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on this** *13th* **day of** *April* **, 2026**
in *Little Rock, Arkansas* (City, State)

**Arnell Willis**

# NOTARY ACKNOWLEDGMENT

State of: *Arkansas*
County of: *Pulaski*

Subscribed and sworn before me on this $\cancel{13}^{th}$ day of _April_, 2026.

_Artina Blackmon_

Notary Public

My Commission Expires: _July 25, 2026_

# EXHIBIT A

## MEMORANDUM OF UNDERSTANDING

**Demonstrating Operational Readiness of People Trust Community Federal Credit Union**

---

## I. INTRODUCTION

This Memorandum of Understanding ("MOU") is entered into by and between:

- **Arlo Washington**, acting on behalf of **People Trust Community Federal Credit Union (PTCFCU)**; and
- **Arnell Willis**, an experienced financial institution executive.

This MOU is submitted as an exhibit to demonstrate that **PTCFCU is prepared to immediately resume safe, sound, and compliant operations** upon the restoration of control from the National Credit Union Administration ("NCUA").

## II. PURPOSE AND CONTEXT

The purpose of this MOU is to formally document:

1. The identification of qualified executive leadership;
2. The existence of a structured and actionable operational recovery framework; and
3. A clear commitment to governance, regulatory compliance, and continuity of member services.

This agreement reflects proactive measures taken to ensure that, upon judicial or regulatory relief, PTCFCU can **operate without disruption and in the best interest of its members**.

## III. PRO BONO ENGAGEMENT DURING CONSERVATORSHIP

Arnell Willis has agreed to provide advisory and strategic support to PTCFCU **on a pro bono basis** during the period of conservatorship.

This includes, but is not limited to:

- Operational assessment and recovery planning
- Governance and compliance advisory
- Strategic planning for institutional stabilization
- Preparation for immediate resumption of services

This engagement demonstrates **good faith efforts to preserve institutional value and protect member access to essential financial services**.

## IV. CONTINGENT RESTORATION FRAMEWORK

This MOU is expressly contingent upon:

- The granting of judicial or regulatory relief; and
- The restoration of operational authority to PTCFCU leadership.

No financial obligation is incurred unless such restoration occurs.

## V. EXECUTIVE LEADERSHIP READINESS

Upon restoration of PTCFCU:

- **Arnell Willis shall be nominated and recommended for appointment as President & Chief Executive Officer (CEO).**
- Such appointment shall be:
    - Subject to approval by the Board of Directors; and
    - Subject to any required regulatory review, clearance, or non-objection.

Mr. Willis possesses significant experience in financial institution leadership, including founding and operating a federally regulated credit union, and is prepared to assume executive responsibilities immediately upon appointment.

## VI. COMPENSATION STRUCTURE (POST-RESTORATION)

To ensure responsible financial management during the recovery and stabilization of the Credit Union:

- Executive compensation will be **modest, phased, and aligned with the financial condition and operational recovery of PTCFCU**;
- Initial compensation is intentionally structured to reflect a **recovery-focused approach**, prioritizing member service, institutional stability, and long-term sustainability;
- All compensation arrangements shall be **subject to approval by the Board of Directors** and implemented in a manner consistent with applicable regulatory expectations and safety and soundness standards.

## VII. OPERATIONAL CAPACITY AND SUPPORT

Upon restoration and appointment, PTCFCU will provide:

- Essential executive tools, including communication resources;
- Access to operational systems, personnel, and institutional infrastructure;
- Administrative and operational support necessary to ensure **continuity and reliability of member services**.

This ensures executive leadership can act **immediately and effectively upon restoration**.

## VIII. GOVERNANCE AND COMPLIANCE COMMITMENT

This MOU reflects a clear and structured commitment to:

- Board-governed oversight
- Regulatory compliance
- Sound financial management
- Protection of member assets and access

The framework outlined herein is designed to align with **federal credit union governance standards and safety and soundness expectations**.

## IX. TERM AND TERMINATION

This MOU:

- Becomes effective upon execution;

- Continues through the restoration and initial recovery period; and
- May be terminated by either Party upon written notice.

If restoration does not occur, this agreement shall expire without financial obligation.

## X. STATEMENT OF GOOD FAITH

This MOU is executed in good faith to demonstrate that:

- PTCFCU has taken concrete and actionable steps toward recovery;
- Qualified leadership is identified and prepared to act; and
- The institution is positioned to operate in a **safe, sound, and compliant manner** upon restoration.

## XI. SIGNATURES

Executed as of the dates below.

**Arlo Washington**
On behalf of People Trust Community Federal Credit Union
Signature: _Arlo Washington_
Date: _4-13-2026_

**Arnell Willis**
Signature: _____
Date: April 13, 2026 _____

**AFFIDAVIT OF MEMBER EXPERIENCE**
**People Trust Community Federal Credit Union**

State of Arkansas
County of Pulaski

I, _Nikenya Childress_, being first duly sworn, depose and state the following:

1. My name is _Nikenya Childress_, and I am a member of People Trust Community Federal Credit Union (PTCFCU). My membership/account number is (last four digits or identifier, if applicable) _6025_.

2. I am submitting this affidavit to document my personal experience and the issues I have encountered since the conservatorship of People Trust Community Federal Credit Union began on January 16, 2026.

3. Since the implementation of conservatorship, I have experienced the following issues and disruptions with my account and/or services provided by the credit union:

   _I have not been able to access my funds. Trying to pay monthly obligations for my home and bills have been difficult to keep up with because of my occupation as a truck driver, and not being able to raise daily limits by contacting my_

4. These issues have caused financial hardship, confusion, and disruption to my normal banking activities. As a member of the credit union, I relied on PTCFCU for secure access to my funds and financial services.

5. I am providing this statement voluntarily and truthfully in order to document my experience and to assist in ensuring that the concerns of members are properly reviewed and addressed.

6. The statements contained in this affidavit are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _2nd_ day of _April_, 2026.

Member Full Name: _Nikenya Childress_ Signature: _____

Phone: _815 701 1132_
Email: _harmonic46@gmail.com_

**NOTARY ACKNOWLEDGMENT**

State of _Arkansas_
County of _Pulaski_

Subscribed and sworn before me on this _2nd_ day of _April_, 2026 by _Nikenya Childress_, who is personally known to me or has produced proper identification.

Notary Public Signature: _____

My Commission Expires: _July 25, 2026_

local branch. I was told on 3/30/2026 that I should probably take out remaining funds because they would no longer be at the Arkansas Federal Credit Union on Cantrell Rd. in Little Rock Arkansas past 4-3-2026. I got a call from NCUA regulators on 3-31-2026 stating that they would still be there until 4-13-2026, and giving me information about pending holds on my account.

**AFFIDAVIT OF MEMBER EXPERIENCE**

**People Trust Community Federal Credit Union**

State of Arkansas

County of Pulaski

I, _Dr. Lula Marshall_, being first duly sworn, depose and state the following:

1. My name is _Dr. Lula Marshall_, and I am a member of People Trust Community Federal Credit Union (PTCFCU). My membership/account number is (last four digits or identifier, if applicable) _1044_.

2. I am submitting this affidavit to document my personal experience and the issues I have encountered since the conservatorship of People Trust Community Federal Credit Union began on January 16, 2026.

3. Since the implementation of conservatorship, I have experienced the following issues and disruptions with my account and/or services provided by the credit union:

   Since the Conservatorship "My financial stability has deteriorated significantly. PTCFCU was the only institution that gave me access to Credit after 40 yrs. of being denied elsewhere, I had NO issues prior to this happening! As a disabled retiree, I am unable to travel easily, and was told by NCUA staff "they do not No anything. This situation has caused me severe stress and harm tk I didn't interest before.

4. These issues have caused financial hardship, confusion, and disruption to my normal banking activities. As a member of the credit union, I relied on PTCFCU for secure access to my funds and financial services.

5. I am providing this statement voluntarily and truthfully in order to document my experience and to assist in ensuring that the concerns of members are properly reviewed and addressed.

6. The statements contained in this affidavit are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _3_ day of _April_, 2026.

**Member Full Name:**

_Dr. Lula Marshall_

Signature

Phone: _561-773-2034 /561-708-9030_
Email: _lula957mare@gmail.com_

**NOTARY ACKNOWLEDGMENT**

State of _Arkansas_
County of _Pulaski_

Subscribed and sworn before me on this _3rd_ day of _April_ , 2026 by
_Dr. Lula Marshall_ , who is personally known to me or has produced
proper identification.

Notary Public Signature: _____

My Commission Expires: _July 25, 2026_



# EXHIBIT E

# PROPOSED STABILIZATION AND RECOVERY PLAN

**People Trust Community Federal Credit Union**

## I. PURPOSE

This Proposed Stabilization and Recovery Plan is submitted to demonstrate that **viable, immediate, and structured alternatives to liquidation exist**. The plan outlines a practical and controlled approach to restoring operations, strengthening financial stability, and ensuring ongoing service to members in a safe and sound manner.

## II. STAFFING AND GOVERNANCE

The Credit Union is prepared to implement immediate oversight and accountability through experienced leadership.

- Identification of interim leadership with relevant banking and credit union experience
- Coverage of key operational areas, including:
    - Operations
    - Compliance / BSA
    - Finance and Accounting
- Establishment of a clear reporting structure
- Ongoing communication and updates to appropriate stakeholders

## III. CAPITALIZATION AND LIQUIDITY

Multiple near-term funding sources have been identified and are in process, supporting immediate liquidity and contributing to the restoration and maintenance of an adequate net worth position. Efforts are focused on strengthening capital within a controlled and compliant framework.

- Review of capital position relative to **Prompt Corrective Action (PCA) thresholds**
- Approved funding sources include:
    - CDRLF Grant ($50,000 approved)
    - Urgent Need Grant ($15,000 approved; reimbursement requirements met)
- Internal financial support includes:

- o Repayment of $250,000 EQ2 investment from People Trust Community Loan Fund within thirty (30) days
- Exploration of additional liquidity support:
  - o Potential deposit relationship under discussion
- Ongoing monitoring of:
  - o Net worth ratio
  - o Liquidity levels
  - o Expense management

## IV. TECHNOLOGY AND SYSTEMS

The prior system challenges have been addressed through preparation for transition to a more stable and efficient core processing environment.

- Transition planning and readiness have been completed
- Core provider has confirmed implementation readiness within approximately **30 days** upon authorization
- Implementation will follow a **phased and controlled approach**
- Key priorities include:
  - o Data accuracy and reconciliation
  - o System reliability and uptime
  - o Compliance-supporting reporting capabilities
- Oversight measures include:
  - o Testing and validation at each stage
  - o Controlled deployment to ensure operational continuity

## V. OPERATIONS AND MEMBER SERVICES

Immediate focus is on restoring and maintaining consistent member services.

- Restoration and consistency of:
  - o Member account access
  - o Debit and payment functionality
  - o Accurate balances and statements
- Strengthening of:
  - o Standard operating procedures (SOPs)
  - o Internal controls
- Reduction of manual processes
- Improved communication and responsiveness to members

## VI. TURNAROUND STRATEGY

The Credit Union respectfully seeks a **reasonable stabilization period consistent with the opportunity typically afforded to implement corrective actions and a recovery plan**.

- **Initial 0–30 Days:**
  Restore member services, ensure compliance functions are operational, and implement controlled system stabilization.
- **30–60 Days:**
  Demonstrate operational consistency, accurate reporting, and strengthened internal controls.
- **Up to 120 Days:**
  Continue implementation of corrective actions and demonstrate sustained safety and soundness, subject to ongoing oversight and evaluation.

This structured approach allows for measurable progress while providing the Court and regulators with the ability to assess performance and determine the appropriateness of continued operations.

## VII. CONCLUSION

This Plan demonstrates that the Credit Union has:

- Identified qualified leadership ready to engage
- Secured and identified near-term funding sources
- Developed a structured and controlled operational plan
- Established a clear path toward stabilization and continued service

Accordingly, this Plan supports the position that **liquidation is not the only available outcome**, and that a structured stabilization period would allow for restoration of safe and sound operations.

**Respectfully submitted,**

*Arlo Washington*
**Arlo Washington**