**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ARLO WASHINGTON**                                                              **PLAINTIFF**

**v.**                                              **No. 4:26CV00083**

**NATIONAL CREDIT UNION**                                              **DEFENDANT**
**ADMINISTRATION BOARD**

**RESPONSE TO PLAINTIFF'S EMERGENCY**
**MOTION FOR INJUNCTIVE RELIEF**

Defendant the National Credit Union Administration Board ("NCUAB") states as follows for its response to Plaintiff's[1] motion for injunctive relief:

1.      On April 21, 2026, Plaintiff Arlo Washington ("Washington") filed a motion for injunctive relief. *See* Emergency Motion for Limited Injunctive Relief for Access to Financial Data. Doc. No. 23.

2.      Washington requests that this Court grant injunctive relief to require the NCUAB to "provide limited access to certain financial data systems associated with People Trust Community Federal Credit Union." *Id.*

3.      As the NCUAB has argued in response to Washington's prior filings, Washington lacks standing to seek relief on behalf of the credit union, so this Court lacks subject matter jurisdiction to order injunctive relief. *See* 12 U.S.C. § 1786(h)(3); *In re United Independent Federal Credit Union*, 768 F. Supp. 42, 45 (E.D.N.Y. 1991).

---

[1] Washington has variously referred to himself as "applicant" "petitioner" and "plaintiff" in different filings before this Court. For simplicity, the NCUAB adopts the plaintiff/defendant terms as used in the Court's April 3, 2026 Order.

Specifically, "[t]he statute solely confers standing to the Credit Union to challenge the NCUAB's Order of Conservatorship, and explicitly limits the Court's jurisdiction to an application by the Credit Union." *In re United Independent Federal Credit Union*, 768 F. Supp. at 45; *see also Heller v. CACL Federal Credit Union*, 775 F. Supp. 839, 842 (E.D. Pa. 1991) (declining to recognize a private right of action for a citizen when the statute provides that a challenge to a cease and desist order by the NCUA can only be brought by a credit union). Washington alone cannot seek injunctive relief on behalf of People Trust Community Federal Credit Union, so his motion for injunctive relief must be dismissed for lack of subject matter jurisdiction.[2]

4.      Even if Washington has standing to request injunctive relief, he fails to prove any entitlement to injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689 (2008)). "When determining whether a preliminary injunction should issue," a court must consider four factors: "'(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.'" *Ng v. Bd. of Regents*

---

[2] Even if this Court found that Washington has standing and would ordinarily be entitled to injunctive relief, the relief requested would likely be barred under the Federal Credit Union Act. 12 U.S.C. § 1786(h)(3) provides that when the NCUAB conserves an insured credit union, that credit union may apply to U.S. district court for an order to show cause why the NCUAB should not be enjoined from continuing such "possession and control." The statute then states that "except as provided in this paragraph, no court may take any action . . . to restrain or affect the exercise of powers or functions of the Board as conservator." Washington's desired relief clearly falls outside the boundaries of what is permitted under 12 U.S.C. § 1786(h)(3). Accordingly, his motion for injunctive relief should be denied.

*of the Univ. of Minn.*, 64 F.4th 992, 997 (8th Cir. 2023) (quoting *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)); *see also Winter*, 555 U.S. at 20 (same factors).

5.      Washington argues that "irreparable harm exists" because his inability to access the credit union's financial data prevents verification of the credit union's financial deterioration. He provides no explanation of how *his* lack of access alone constitutes irreparable harm. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (relief will be denied if irreparable harm is not shown). As this court previously found, the credit union is a separate entity from Washington and his status as a founder or member does not grant him sufficient interest to establish that he will personally suffer harm. *Dataphase*, 640 F.2d at 114 (the relevant "threat of irreparable [is] to the movant"). Washington was removed as the CEO of the credit union and has no current right or obligation to review its current financial statements. Washington has not demonstrated that *he* will suffer any irreparable harm sufficient for this Court to order the extraordinary remedy sought. Moreover, the argument that the credit union will somehow suffer continued deterioration because of his lack of access to records lacks merit because he may not seek relief for other individuals or entities. *See* Fed. R. Civ. P. 65(b)(1)(A) (TRO is appropriate if "immediate and irreparable injury, loss, or damage will result to the movant . . . ").

6.      Washington's arguments regarding the balance of harms between the parties and the public interest factors are similarly conclusory. Each is a single sentence that recites the correct standard but fails to analyze why the circumstances here warrant

extraordinary relief. Even if Washington received the unprecedented access he seeks to confidential financial information, other than seeking further extraordinary intervention from this Court, it is unclear how "read-only" access would enable him to "prevent further deterioration of a community financial institution."

7.    Finally, Washington fails to substantively address the success on the merits factor entirely, stating only that his current request is more narrowly tailored than his previous one.

8.    In sum, Washington's motion for injunctive relief should be denied. Washington has not carried his burden of proving that he is entitled to injunctive relief, especially because he has failed to demonstrate that he will personally suffer any irreparable harm. Washington's generalized allegations of harm relate instead to the credit union or broader community itself. He has failed to point to any concrete and particularized injury to provide him standing in this litigation or entitlement to the injunctive relief sought.

WHEREFORE, for the foregoing reasons, the National Credit Union Administration Board respectfully requests that the Court dismiss Plaintiff's emergency motion for injunctive relief, and for all other just and proper relief.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

_____
Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
425 W. Capitol Ave., Suite 500
Little Rock, Arkansas 72201
Tel.   (501) 340-2600
jamie.dempsey@usdoj.gov

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was filed with the

Court *via* CM/ECF and a copy was sent *via* U.S. Mail on this 24th day of April, 2026, to

the following:

Arlo Washington
5 Talais Drive
Little Rock, AR 72223

_____
Jamie Goss Dempsey
Assistant U.S. Attorney

5