**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ARLO WASHINGTON**                                                    **PLAINTIFF**

**v.**                                    **No. 4:26CV00083**

**NATIONAL CREDIT UNION**                                            **DEFENDANT**
**ADMINISTRATION BOARD**

### SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS

Arlo Washington, the founder and former Chief Executive Officer ("CEO") of People Trust Community Federal Credit Union ("PTCFCU"), filed an application seeking relief from an Order of Conservatorship issued by the National Credit Union Administration Board ("NCUAB") on January 14, 2026. *See* Application, Doc. No. 1. On March 10, 2026, he filed an amended complaint seeking judicial review of the conservatorship. *See* First Amended Complaint, Doc. No. 8. Defendant the National Credit Union Administration Board ("NCUAB") files this supplemental brief in support of its motion to dismiss (No. 9) currently pending before this Court. However, as founder, former CEO, and a member of the credit union, Washington lacks standing to apply to this Court for relief, so this Court lacks subject matter jurisdiction and the amended complaint must be dismissed. *See* 12 U.S.C. § 1786(h)(3); *In re United Independent Federal Credit Union*, 768 F. Supp. 42, 45 (E.D.N.Y. 1991). Even if the Court finds that subject matter jurisdiction exists, the NCUAB's placement of PTCFCU into conservatorship was within its statutory authority, and the NCUAB did not act arbitrarily or capriciously, so the application must

1

be denied. *See Bingham v. National Credit Union Administration Board*, 927 F.2d 282, 284 (6th Cir. 1991).

The NCUAB submits this supplemental brief in support of its motion to dismiss because the NCUAB involuntarily liquidated PTCFCU on April 30, 2026. The NCUAB liquidated PTCFCU pursuant to 12 U.S.C. §§ 1766(b)(1) and 1787(a)(1) after determining that the credit union was insolvent and had no reasonable prospect of becoming adequately capitalized. Federal court jurisdiction is limited to ongoing cases and controversies. *See* U.S. Const. art. III, § 2, cl. 1; *see also Haden v. Pelofsky,* 212 F.3d 466, 469 (8th Cir. 2000). When "issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (quoting *Beck v. Missouri State High Sch. Activities Ass'n,* 18 F.3d 604, 605 (8th Cir. 1994). PTCFCU has been liquidated and no longer exists as a legal entity. This change in circumstances means that Washington's claims for equitable relief are no longer possible. In addition to the other reasons Washington's amended complaint must be dismissed, this matter is now moot and should be dismissed.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

_____
Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
425 W. Capitol Ave., Suite 500
Little Rock, Arkansas 72201
Tel.   (501) 340-2600
jamie.dempsey@usdoj.gov

## **CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the

Court *via* CM/ECF and a copy was sent *via* U.S. Mail on this 10th day of June, 2026, to

the following:

Arlo Washington
5 Talais Drive
Little Rock, AR 72223

_____
Jamie Goss Dempsey
Assistant U.S. Attorney

3